The Honorable David Bisbee State Senator 14068 Pyramid Drive Rogers, Arkansas 72758-0116
Dear Senator Bisbee:
I am writing in response to your request for an opinion on the following questions concerning A.C.A. 14-20-108:
 1. When volunteer fire department dues are levied following an election pursuant to A.C.A. 14-20-108:
 (a) Are the fire department dues mandatory?
 (b) Are there any remedies for non-payment of the fire department dues?
 (c) What are the requirements and responsibilities of the county tax collector regarding fire department dues?
 (d) Define the phrase "at the same time and in the same manner" as it is used in this statute.
 (e) If the fire department dues are to be collected "at the same time and in the same manner" as real property taxes, would certification to the State Land Commissioner and a possible lien not be potential available remedies?
 (i) If not, how can this be deemed as "at the same time and in the same manner" as real property taxes?
 (ii) Can a lien ever occur when applying "at the same time and in the same manner" to fire department dues? *Page 2 
As background for these questions, you state:
 Under Arkansas Code 14-20-108, a volunteer fire department can hold an election and if the majority of those voting approve, the fire department dues shall be listed on real property tax statements and collected at the same time and in the same manner as real property taxes. It is my understanding that the law may have changed since Attorney General Opinions No. 02-032 and No. 04-224 were issued.
RESPONSE
If by "mandatory," you mean the dues must be paid or else the property will be subject to forfeiture proceedings, the answer to your first question is "no," in my opinion. I agree with my immediate predecessor that volunteer fire department dues do not become a lien against the property. See Op. Att'y Gen. 2004-224. Although A.C.A. 14-20-108 was amended twice following the issuance of that opinion, [1] the amendments do not compel modification of the opinion. More specifically, the legislature has not clearly expressed its intent to give a lien for such dues in favor of the fire department, or for collection of the dues to be enforced through certification to the state for redemption or sale.
I believe this response for the most part addresses your remaining inquiries. As indicated, forfeiture proceedings are in my opinion unavailable as a remedy for non-payment. As for any other available remedies, I believe further legislation will be necessary to definitively address the matter. A definition of the phrase "at the same time and in the same manner" must also issue from the General Assembly, as I cannot undertake that essentially legislative task. I will note that the requirement that dues be collected "at the same time and in the same manner as real property taxes," A.C.A. § 14-20-108(a)(1)(B)(i)(c), appears to clearly reflect the intent for the county tax collector to handle collections through his or her office between the first business day of March and October 10. See A.C.A. § 26-36-201. But as previously stated, I cannot conclude that this phrase includes collecting delinquent dues through forfeiture to the state, or through any other statutory foreclosure procedures, in the absence of express statutory authority to that effect. In this regard, I agree with my predecessor that had the legislature intended for volunteer fire departments to have a lien for the dues, or for the state certification procedures to apply in case of delinquent dues, it could easily have so stated, as it has with respect to other local assessments. Op. 2004-224 at 5; *Page 3 compare A.C.A. § 14-90-805 (lien for municipal improvement district assessments); 14-92-228 and-232 (suburban improvement districts);14-93-119 (property owners' improvement districts); 14-123-409 (drainage improvement districts). See also Arkansas County v. Burris,308 Ark. 490, 825 S.W.2d 590 (1992) (refusing to approve the county's enforcement of waste fees through the use of tax liens, in the absence of express statutory authority).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General
[1] See Acts 2005, No. 2145, § 18 and Acts 2007, Nos. 96, § 1 and 1049, § 36. *Page 1